Good morning, Your Honor. Yes, we can hear you just fine. Please proceed. Ryan McBride on behalf of Casaroni Law Group. I'm an appellant, Christina Perrington. I would like to reserve two minutes for rebuttal, if possible. Okay. So the main issue in this appeal is whether the appellant sufficiently alleged the September 12, 2019 collection letter in the complaint. The Ninth Circuit and the Federal Rules of Civil Procedure, specifically Federal Rule 8, provide for liberal pleading standards. And in preparation for this argument today, there seem to be two district court cases that really hit the nail on the head here. They found that when looking at sufficiency of the complaint, the court should look at the pleadings as a whole, especially when the complaint incorporates preceding paragraphs of the complaint. I don't want you to waste your time, but I have to talk to you about something preliminary. And that is whether or not the district court didn't commit a significant error under Rule 56F. Because as I understand it, your client moved the summary judgment against Apria, which responded. And then your client moved almost simultaneously against ARS, which cross-moved. And you never lodged a brief, an argument, or any oral argument for that matter, on your claims that you filed under 1692E or 1692F. The district court, correctly or incorrectly, and I know you were just about to talk about that, but to me it doesn't matter. The district court ruled that the defense should win on 1693C and dismiss the entire case. It seems to me that the district court did not permit Ms. Pearson to argue or state any of its positions on standing on 1692E or 1692F, and therefore did not give your client a reasonable opportunity to be heard on those claims under the federal rule I stated. Yes, Your Honor, I tend to agree. The E and the F violations were, in my opinion, overlooked. We, in a motion for reconsideration, attempted to bring that up. Regarding the letter violations, the court said that the letter violations were not sufficiently alleged in the complaint. I think that was essentially what the order said in the response to the motion for reconsideration. Right, but the court said nothing about 1692E or 1692F. No one briefed it. No one argued it. And while I recognize that the district court has every right to dismiss and not adjudicate state claims that you brought, it seems that those are significant federal claims under the FDCPA statute that the court never heard from anyone. Yes, Your Honor, absolutely. So why do we have to talk about any substance if the district court prematurely dismissed the case? I have an abundance of caution to address all the issues that were brought up by the appellee. Well, do you contend in this court that the unanswered phone calls can be a predicate for a violation of ERF? No, they were unanswered calls. Therefore, there could not have been a misrepresentation as to the character or amount of the debt or whether it was- Don't contest that as to the unanswered calls, the district court's ruling saying that that didn't amount to a violation of C or F is unacceptable. Yes, I agree. The only issue is the letter that was raised in the motion for reconsideration where the court said it wasn't pleaded. Correct. Okay. And I was going to next go into the complaint and actually just quickly point out, you know, paragraph 33. Well, I kind of want to understand where we are on this sort of preliminary point about 56F because as I understand it, so you moved against both defendants, against APRIA and ARS, and then only APRIA filed a cross motion. But APRIA's cross motion, because the state claim is parasitic of the underlying federal claims, briefed the ENF issues and then put you to your proof on ENF. Am I reading that correctly? Well, only as to the unanswered calls, but yes, they did. Okay, so as to the unanswered calls, you had the notice and opportunity to be heard that you needed to put in your proof on ENF in the guise of being wrapped around the state law claim, but you were on notice that you were put to your proof and had to come forward with sufficient evidence to create a genuine issue as to ENF buried within that with respect to the unanswered calls. Is that correct? Yes. Okay. It doesn't seem to me to be what your briefing said. You argued in question one of your briefing that you never had an opportunity to be heard or briefed section 1692E or 1692F of the FDCPA. Well, I'm sorry. No, I mean I don't understand what you're arguing here. Let me be clear. In counts, count one of our complaint relates only to the unanswered calls and only as to 1692C. Right. Not 1692E or F. I apologize. You answered Judge Callan's question incorrectly. I apologize, Your Honor. Yes, that was a mis- I believe. I'm sorry. I was trying to go back through my mind to the MSJs. But ENF only relate as to the other collection actions taken, not as to the unanswered calls. 1692C is a section that relates only to the unanswered calls. But Alperia's summary judgment motion against you said that it should win because you didn't prove ENF, which is a predicate for the relief on the state law claim against them. Well, they can- I mean, they're entitled to argue the ENF violations. But in particular, you know, again, they were unanswered calls. And so I don't- that there was not a communication made. The question is that you didn't get noticed. I mean, Rule 56 requires that you get noticed, that you're being told, you're put on your proof, you need to come forward with a genuine issue with respect to a particular issue in the case. And be it in the context of the state claim, Alperia's motion puts you on notice that you had to come forward and create a genuine issue with respect to ENF because it's a predicate of the state claim. Now, if you took back your answer to that question, then I'm very confused because the Alperia motion clearly puts that issue in play. And so if you're claiming it doesn't, then you need to explain that to me. Well, the issue that was not put in play was the collection letter. That I understand. Okay. But you were taking back your answer that as to the unanswered communications, the ENF claim was teed up by the Alperia motion in the context of being a predicate for the state claim. Off the top of my head, I don't particularly. And then I can go back and look. The ENF violations under the- that they were arguing under the unanswered calls, I'm not sure. But I think that that may be a moot issue because the ENF violations that we're talking about now are as to the collection letter. It's a different issue. So even if- You lose, as far as I'm concerned. Then you lose because I think the district court properly dismissed the case under 1692C. But the fact of the matter is, correct me if I'm wrong, you didn't argue 1692E or 1692F either in your briefing or before the district court. And the district court never directed you to do so. They sua sponte. Dismiss those- he dismissed those claims sua sponte, correct? Correct. So, you know, in- so the material dispute here, and I just want to, you know, make it clear the material dispute in our opinion, is that the collection letter itself under ENF, you know, it was a violation of ENF. And Counts 2 and 3 make that very clear, that those are the two sections that were violated. Count 1 is in regards to C and the unanswered calls. It was a completely separate issue and the only one that, if you look at the judge's motion for summary judgment order and the motion for reconsideration order, they both only identified those particular unanswered calls. It didn't look at anything else in regards to those violations. Okay, well, you're out of time. Why don't we hear from the other side, and we'll give you a couple minutes for rebuttal. Thank you. Good morning, Your Honors. May it please the Court. I am Jean Grace Philippe on behalf of the appellee, Arstrad LLC. I'd like to address the issue on whether or not the district court allowed Ms. Pearson an opportunity to argue or brief her sections 1692E or F claims. And Arstrad says that it was addressed. It was brought up. Ms. Pearson had every opportunity in her motions, in the evidence presented on the summary judgment motions, and there were three, and in her oral argument, which is telling that the court did not have to have oral argument, but he scheduled oral argument to hear all of these motions. And at no point in time did Ms. Pearson raise the letter or even discuss the E or F claim, because what happened in the hearing was we were discussing unanswered calls, and she proceeded. I credit your argument. Do you have cases or precedent to guide us and me in specific on the question of whether or not the manner in which your clients raised the 1692E and F claims constitutes, for purposes of Rule 56F, sufficient notice and opportunity for Ms. Pearson to argue those counts before the district court? Your Honor, I can't. None comes to mind at this very moment. Well, it would be nice, right, if we had a case even that said, a district court needn't order briefing and argument on a particular issue to comply with Rule 56F, but rather notice in the form of a summary judgment motion, relying on state claims or whatever facts are being moved upon, constitutes notice for purposes of that rule, right? Right, Your Honor. But what Ms. Pearson did is she moved her summary judgment on her entire FDCPA claim. So cases from the Ninth Circuit or district courts within it that say that's enough to comply, for a district court to comply with Rule 56F before its corresponding dismisses the entire case. She was granted a full opportunity to ventilate the issue. And you say that, but who else has said that? Who that I can look at and cite has said that before? Not on that particular issue, Your Honor. I don't have a case specifically. But what is telling here is when she moved her summary judgment on her entire FDCPA claim, although she focused on the C issue, which is that these calls were made before 8 a.m., she was also, Ms. Pearson was also alleging, well, these were calls to collect the debt I didn't owe, her E claim, or to collect the debt that was not owed pursuant to her agreement or by law. It wasn't until the time of the summary judgment motion that was argued, which Aarstradt brought the argument that unless she answered the calls or knew who was calling, there was no communication. So by virtue of that, summary judgment was properly granted on behalf of Aarstadt on the C claim, and there could be no evidence on the E or F claim based on those calls because there was no communication. What Ms. Pearson is trying to do here now is revive that FDCPA claim by bringing a new legal theory. Like, let's not forget the letter, which she mentioned in the complaint, and as the district court had observed, was it was only to her Rosenthal Act claim, a failure to state the required. I don't have any problem with that proposition, but the problem I have with that proposition is that I would have liked for her to have made that particular argument before the district court so that the district court could evaluate it before we have to do so without having heard any. The district court is much closer to the issues and knows the facts, right? How can we possibly rule on that without the benefit of some district court analysis? Well, we should look at the complaint because that is what Ms. Pearson is now claiming, that an E and F claim was alleged based on this letter, wasn't it? It's clearly in the complaint. I mean, because the letter is mentioned in paragraph 33, and each of the successive causes of action begins with the standard paragraph that it incorporates by reference to all previous ones, and then each of them states in very general terms that there was a violation of the particular statutes. So that complaint alleges that the letter is a violation of E and F. So the district court's assertion that Plaintiff failed to allege that the letter violated E or F seems to me to be clearly wrong. Tell me why you think I'm wrong. Under the, Plaintiff did allege incorporate by reference her prior allegations, but it is not on the defendant to deem or figure out which allegations that were alleged pertain to its claim. That should be clear. We should be put on notice, and that's not what was done here. Anyone reading this complaint would know that the letter is one of the predicates for the E and F. So the question is whether or not it was made clear enough in the summary judgment papers that the letter was an issue in terms of the E and F aspect of the case. Can you address that? Well, Your Honor, may I just go back to what was alleged in the complaint? What was alleged in the complaint at paragraph 3, which is the first time this letter is even mentioned, is that she received a letter from our strat on September 12, 2019. It states the amount. It says who the debt's for. And in the very next paragraph subsequent to that is, this letter did not contain the section 18.12.700 of statutory disclosure. After that, she knocks it off. She calls. Are you saying that that means that's the only violation it states, is the 18.17? Yes, that's the only. That's not a reasonable reading of this. I mean, paragraph 33, after the whole complaint is that the debt is bad, and then paragraph 33 says I got a letter stating that this debt was owed, and on information I believe that's the same debt, but I've just said is bad. So it's a letter about a bad debt is the reasonable way to read this complaint. This sort of seems sort of almost like looking back in hindsight. In her fourth claim, she mentions, again, she wouldn't have had to, but she actually alleges this letter failed to state this 18.12.700 claim separately. And she does not do it on her first, second, or third claim. In fact, the second claim under E, it's a conclusory statement. It's almost a resuscitation of what E is, a misleading statement, a failure, a false statement, misrepresentation. It doesn't say what it is. But we do know in the first claim, she's talking about these calls before 8 a.m. And if we go to the allegations right before that, she sets forth how many calls she received from Arshtrack on a specific date. She doesn't mention the letter at all. The district court, it's not that the district court missed it or I missed it, it's the fact that it was not alleged. When the motion was filed by APRIA that included the ENF predicates, did that motion raise the issue of whether there was sufficient communication for purposes of ENF? APRIA is a separate defendant, Your Honor, and there were separate letters or separate bills that APRIA sent to Ms. Kiersten that Arshtrack took no involvement in. Our communications with Ms. Kiersten were specifically these unanswered calls. The one letter that we are discussing here today, and after not answering these calls, she called Arshtrack to find out why were they calling. And she alleges in that conversation, it was a call that, it was a debt that she did not owe. Again, her ENF claims only pertain to calls. It's not clear and it should be clear if she was claiming an ENF claim based on a letter. Did the district court ever make any determination of the plaintiff's standing to sue your clients on these claims? On the letter, Your Honor, because, no, the court, well, the courts did not address standing on any of these claims that I can recall. And so, again, unless it was clearly alleged in the complaint, and again, it was not raised in summary judgment motions, it was not raised in argument. The first time it was raised was in a motion for reconsideration. There, the court, district court, again, had pointed out it was not alleged, the letter was not alleged as to the FPCB claim. The district court had no authority to make any determinations on any of these claims if the plaintiff didn't have standing to sue, right? That's a threshold question, isn't it? You're right, Your Honor. Standing is always a threshold question. So why didn't the district court analyze those arguments that you made? Those arguments on standing? Yeah. It wasn't raised until, well, the issue of them. You said the district court didn't rule on any of them. On the standing issue, that's correct. Right, right, right. So if there is a- You can't adjudicate claims as a district court if a plaintiff doesn't have standing to bring them, correct? Correct. So then plaintiff's lawsuits should still be dismissed for a lack of standing? No. That's never been adjudicated by anybody, and we're not going to look at that for the first time here. The court clearly violated 56F by not giving the plaintiff an opportunity to respond to your arguments on standing, which it should have looked at before it looked at anything else. We have nothing on that issue from the district court, from the plaintiff, or from anybody except your client, correct? Correct. Okay. A concluding statement, because you're over your time. I'm sorry. Arshtrat contends that the letter was not properly alleged in the complaint, and it was only raised post-summary judgment in the motion for reconsideration and now an appeal to open up an FDCPA claim that has been decided and been dismissed. Thank you. Okay. Thank you very much. We've got a minute on the clock for rebuttal, please. Thank you, Your Honors. Just real quickly, I think as the court noted, the article 3 standing issue and also the materiality issue that was brought up by Apelli was not decided at the district court level. I don't believe it was even brought up by Apelli at the district court level, so that's something that the district court, I think, would need to look at. As the court has said, I think it was properly alleged in the complaint, and Appellant has not had a proper chance to have it heard by the court. The E&F violations for the letter, this is, in my opinion, a due process issue. And the first time, again, that we could have brought this up as an issue because it was a material dispute of fact was in the motion for reconsideration after the complaint. So we believe that it was properly pled, and we ask the court to reverse the ruling. Thank you very much for your time today. Okay. Thank you very much for your argument. The case just argued is submitted.
judges: WATFORD, COLLINS, Murphy